UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZEPHNIAH JONES,                                    Case No. 13-14217

                    Plaintiff,                     Patrick J. Duggan
v.                                                 United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                   Michael Hluchaniuk
                                                   United States Magistrate Judge

                    Defendant.
_____/

## REPORT AND RECOMMENDATION
## CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 12)

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On October 3, 2013, plaintiff Zephniah Jones filed the instant suit seeking

judicial review of the Commissioner's unfavorable decision disallowing benefits.

(Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District

Judge Patrick J. Duggan referred this matter to the undersigned for the purpose of

reviewing the Commissioner's decision denying plaintiff's claim for disability

insurance benefits.  (Dkt. 2).  This matter is before the Court on cross-motions for

summary judgment.  (Dkt. 8, 13).

### B.   Administrative Proceedings

Plaintiff filed the instant claim for disability and disability insurance

1

benefits (DIB) on May 12, 2011, alleging that he became disabled beginning

January 15, 2004. (Dkt. 6-5, Pg ID 162-65). The claim was initially disapproved

by the Commissioner on July 14, 2011. (Dkt. 6-3, Pg ID 102). Plaintiff requested

a hearing and on June 14, 2012, plaintiff appeared, with counsel, before

Administrative Law Judge (ALJ) Regina Sobrino, who considered the case de

novo. (Dkt. 6-2, Pg ID 68-100). In a decision dated September 20, 2012, the ALJ

found that plaintiff was not disabled. (Dkt. 6-2, Pg ID 54-64). Plaintiff requested

a review of this decision, and the ALJ's decision became the final decision of the

Commissioner when the Appeals Council, on August 2, 2013, denied plaintiff's

request for review. (Dkt. 6-2, Pg ID 26-28); *Wilson v. Comm'r of Soc. Sec.*, 378

F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's

motion for summary judgment be **GRANTED**, and that the findings of the

Commissioner be **AFFIRMED**.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff, born in 1952, was 51 years of age on the alleged disability onset

date and 57 years old on the date last insured of March 31, 2009. (Dkt. 6-3, Pg ID

103). Plaintiff had past relevant work experience as a security guard. (Dkt. 6-2,

Pg ID 63).  The ALJ applied the five-step disability analysis to plaintiff's claims and found at step one that plaintiff had not engaged in substantial gainful activity from his alleged onset date of January 15, 2004 through his date last insured of March 31, 2009.  (Dkt. 6-2, Pg ID 59).  At step two, the ALJ found that plaintiff's diabetes mellitus was "severe" within the meaning of the second sequential step, and that plaintiff's hypertension, which was controlled by medication, was not severe.  (Dkt. 6-2, Pg ID 59).  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Dkt. 6-2, Pg ID 59-60).

The ALJ determined that, through the date last insured, plaintiff had the residual functional capacity ("RFC") "to perform the full range of medium work as defined in 20 CFR 404.1567(c)."  (Dkt. 6-2, Pg ID 60-63).  At step four, the ALJ found that plaintiff was capable of performing his past relevant work as a security guard, as this work did not require the performance of work-related activities precluded by plaintiff's RFC, and thus plaintiff was not under a disability at any time from January 15, 2004 through March 31, 2009.  (Dkt. 6-2, Pg ID 63-64).

### B.  Plaintiff's Claims of Error

Plaintiff's brief begins with a recitation of the standards to be applied in evaluating the credibility of pain complaints.[1]  Plaintiff then notes that the ALJ

---

[1] Notably, pain does not appear to be one of plaintiff's conditions or complaints.

3

determined that plaintiff could return to his past relevant work as a security guard, and argues that this finding is in error because the hypothetical question posed to the vocational expert and plaintiff's medical records presents an RFC that precludes his past relevant work. Plaintiff argues that the burden of proof thus should have shifted to the Commissioner to prove that plaintiff was capable, considering his age, education and past work experience, of engaging in other work. Plaintiff contends that the hypothetical question posed to the vocational expert and on which the ALJ relied did not accurately describe plaintiff's limitations in all relevant respects. Plaintiff notes that he testified at the hearing that "the biggest problem" he had was "problems sleeping," "[his] energy levels," and that not sleeping at night "caused [him] to be tired." (Tr. 52). He also testified that he "had some issues with long periods of time, the standing," and that he "could probably stand 30 or 40 minutes before [he] would have to sit down." (*Id.*) He also stated that "after a period of time [he has] to stand and walk." (Tr. 54).

Plaintiff further asserts that the medical record prior to his date last insured indicates an "abnormal EKG" on December 13, 2005. (Tr. 297). And, on August 24, 2003, the record indicates that "[d]uring the last several weeks he has had a significant amount of [weight] loss without any major changes in his dietary habits and had lost over 20 [pounds]," and that "he subsequently had difficulty with

4

progressive polyuria, polydipsia and slight increase in appetite." (Tr. 303). That record also indicates that "he had been having progressive difficulty during the last several days with increasing fatigue." (*Id.*) The impression was "diabetic ketoacidosis." (Tr. 307). Plaintiff contends that his testimony is backed up in the medical record and for the ALJ to indicate that his testimony is not credible is clearly in error.

Plaintiff complains that the hypothetical questions posed to the ALJ did not represent him in every aspect, especially revolving around his inability to remain at work and missing work/absenteeism. When the vocational expert was asked about the effect of being absent more than one unexcused absence per month, he testified that would be work preclusive. (Tr. 72). Next, plaintiff recites the standard applicable to the assessment of a treating physician opinion. After reciting these standards, plaintiff asserts that the reasons given by the ALJ in discounting plaintiff's testimony and medical records are clearly insufficient, and that plaintiff should be found disabled in accordance with his testimony. Plaintiff therefore requests that this Court reverse the ALJ's decision and remand this case with an award of benefits, or, in the alternative, remand this case for further proceedings.

### C.   The Commissioner's Motion for Summary Judgment

The Commissioner argues that, contrary to plaintiff's contentions, the ALJ

properly assessed the evidence of record and reasonably did not include plaintiff's unsupported limitations in her residual functional capacity assessment and hypothetical question.  According to the Commissioner, the ALJ reasonably found that plaintiff could perform his past relevant work as a security guard and did not include plaintiff's unsupported subjective complaints in her residual functional capacity assessment and hypothetical question.

The Commissioner contends that the medical evidence of record, and the record as a whole, did not support plaintiff's subjective complaints. As the ALJ highlighted, there is limited documentation of medical treatment during the relevant period.  (Tr. 37, 294-308). Prior to the relevant period, in August 2003, plaintiff was diagnosed with diabetic ketoacidosis and questionable old myocardial infarction.  (Tr. 307). Physical examinations revealed that his lungs were clear and he had a regular heart rate and rhythm. (Tr. 304, 306). The Commissioner contends that there were no treatment records from August 2003, through plaintiff's alleged onset date on January 15, 2004, until December 13, 2005. (Tr. 296-300). In other words, the Commissioner asserts, plaintiff did not receive treatment around his alleged onset date, or during the almost two-year period after his alleged onset date.

On December 13, 2005, plaintiff was treated at Hurley Medical Center because of an abnormal EKG.  (Tr. 296, 298). He denied chest pain, dyspnea,

6

nausea, or other symptoms.  (Tr. 296, 298). He also had normal respiratory examination and a regular heart rate and rhythm with no murmurs or gallops. (Tr. 299-300). The record indicated that plaintiff's diabetes was controlled by his diet and medications which included Glucophage, Actose, Zestril, Lipitor, and occasional Aspirin. (Tr. 298).

The Commissioner continues that, after plaintiff's treatment in December 2005, there is no other documentation of treatment during the relevant period prior to plaintiff's date last insured of March 31, 2009. (Tr. 177-368). Specifically, plaintiff did not seek or require treatment again until October 2010, almost five years later and approximately one and a half years after his date last insured. (Tr. 37, 360-67).  The Commissioner notes that the record contains medical evidence after plaintiff's date last insured, from October 2010 through June 2012, and that the ALJ discussed this record evidence. (Tr. 35-38, 177-368).  The Commissioner argues, however, that this evidence is irrelevant. As the ALJ stated, an impairment that comes into existence or that reaches disabling severity after the expiration of a claimant's insured status cannot form the basis for a finding of disability under Title II.  (Tr. 38); *see also* SSR 74-8c, 1974 WL 11141.

The Commissioner argues that the above medical evidence supports the ALJ's hypothetical question and disability determination. Significantly, as the ALJ noted, prior to plaintiff's date last insured, no treating or examining physician

7

identified specific functional limitations due to plaintiff's impairments that was

more limited than his residual functional capacity finding. (Tr. 37-38, 177-368). In

addition, the Commissioner continues, none of the medical evidence supports

plaintiff's claims that he would be absent from work more than tolerated during

the relevant period.

The Commissioner further argues that plaintiff's daily activities also support

the ALJ's residual functional capacity finding and hypothetical question. In 2005,

plaintiff reported that he exercised five days per week for 30 minutes, performing

cardio workouts and lifting weights. (Tr. 298). And, during the hearing, plaintiff

admitted that he could lift about 50 pounds and that he walked for exercise. (Tr.

55). He further testified that he did laundry, visited others, drove, walked, and

rode his bicycle. (Tr. 57-58). The Commissioner contends that plaintiff's self-

reported activities undermine his claim of debilitating limitations and support the

ALJ's hypothetical question. *Sizemore v. Sec'y of Health & Human Servs.*, 865

F.2d 709, 713 (6th Cir. 1988) (providing that substantial evidence supported the

ALJ's determination that claimant, who complained of severe headaches, nausea,

dizzy spells, pain in hip and back, and arthritis since fall, was not disabled where

claimant's own testimony disclosed he was able to drive, shop, perform

housework, visit relatives, babysit his grandson, read, view television, feed

chickens, and garden). In short, the Commissioner concludes, the probative

evidence of record does not support plaintiff's subjective complaints.

The ALJ found that plaintiff's impairments limited him to medium work during the relevant period. (Tr. 35). Therefore, plaintiff could perform his past relevant light work as a security guard (Tr. 38), and the ALJ reasonably concluded that plaintiff was not disabled within the meaning of the Act. (Tr. 23). According to the Commissioner, the ALJ properly did not include plaintiff's unsupported symptoms in her hypothetical question to the vocational expert. (Tr. 68-71). *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (concluding that an ALJ's hypothetical question need only include those impairments supported by the record). Accordingly, the Commissioner concludes, substantial evidence supports the ALJ's determination that plaintiff was not disabled.

## III.  DISCUSSION

### A.  Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and

9

finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

11

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

### B.   Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability

Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the

Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et*

*seq*.).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do

> basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the

Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

### C.    Analysis and Conclusions

While the undersigned has thoroughly reviewed the record evidence, the

parties' submissions, and the ALJ's decision, plaintiff cannot simply make the

bald claims that the ALJ erred, while leaving it to the Court to scour the record to

support this claim.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.

1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some

effort at developed argumentation, are deemed waived.  It is not sufficient for a

party to mention a possible argument in a most skeletal way, leaving the court to ...

put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010

WL 882831 at *6 (W.D. Mich. Mar. 9, 2010) ("This court need not make the

lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted).  In the view of the undersigned, all of plaintiff's arguments are wholly insufficient and undeveloped.  Plaintiff offers no basis whatsoever for the Court to conclude that the ALJ's decision is not supported by substantial evidence and offers no factual or legal basis for the Court to conclude that the ALJ committed reversible error of any sort.  Plaintiff's claim that the ALJ's RFC determination is in error because that determination does not include plaintiff's subjective testimony is unavailing, as "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).[2]  As explained above, if the Commissioner's decision is supported by substantial evidence, the

---

[2] As noted by the Commissioner and by the undersigned in other cases involving plaintiff's counsel, plaintiff's counsel regularly presents briefs with woefully underdeveloped arguments. *See e.g.*, *Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865, at *1 n. 1 (E.D. Mich. Mar. 24, 2014) (Rosen, C.J.).  Judge Rosen suggested that sanctions, including a referral for disciplinary proceedings would be in order for future similarly deficient filings.  Judge Rosen's opinion was released on March 24, 2014.  Plaintiff's brief in this case was filed on February 19, 2014, just over a month before the *Fielder* decision.  Thus, as in other recent decisions, the undersigned declines to recommend sanctions at this time, given that plaintiff's counsel did not have notice of Judge Rosen's opinion in *Fielder* when the brief in this case was filed. *See e.g.*, *Greason v. Comm'r of Soc. Sec.*, 2014 WL 6861315 (E.D. Mich. Dec. 31, 2014); *Brewer v. Comm'r of Soc. Sec.*, 2014 WL 6750596 (E.D. Mich. Dec. 1, 2014).

16

decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.

Moreover, the Commissioner convincingly establishes that the ALJ's RFC is well-supported by substantial evidence and that plaintiff's credible limitations were accommodated in the RFC.  As the ALJ found, the record establishes a diagnosis of diabetes mellitus (Tr. 35-36), but the mere diagnosis of an impairment is not enough to show disability; a claimant must also prove its severity and functional impact.  *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988).  The record otherwise contains extremely limited information during the relevant time period.  Although there are additional medical records well after the date last insured, the ALJ correctly noted that "[a]n impairment that comes into existence or that reaches disabling severity after the expiration of insured status cannot form the basis for a finding of disability under Title II."  (Tr. 38).  Indeed, evidence after the date last insured is relevant only to the extent that it is probative of the claimant's condition prior to that date.  *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (per curiam) (holding that a treating physician's opinion, based on a treatment record that began eight months after the date last insured, was not entitled to substantial weight).  In *Renfro v. Barnhart*, the Sixth Circuit found that a treating physician's opinion as to a claimant's RFC

17

was not entitled to controlling weight where the treating physician was the

claimant's treating physician only after the date last insured and reports from other

treating physicians during the relevant time period did not indicate that she was as

functionally limited as that found after that date. *Renfro v. Barnhart*, 30 Fed.

Appx. 431 (6th Cir. 2002). Additional cases support the holding that evidence

issued after a date last insured generally lacks probative value. *See Higgs v.*

*Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (tests from 1981 and 1983 were

"minimally probative" of claimant's condition in 1979); *Liebisch v. Sec'y of*

*Health & Human Servs.*, 21 F.3d 428, 1994 WL 108957, at *2 (6th Cir. Mar. 30,

1994) (1990 report was "necessarily less accurate" about claimant's condition

from 1985-1989 than it was about her status in 1990); *Weetman v. Sullivan*, 877

F.2d 20, 22 (6th Cir. 1989) (deterioration in the claimant's condition after the

period of eligibility is irrelevant).

Plaintiff simply fails to explain how the ALJ's RFC does not accommodate

his credible limitations, as found by the ALJ, which are fully supported by

substantial evidence in the record. Simply because plaintiff suffers from a certain

condition or carries a certain diagnosis–here, diabetes mellitus–does not equate to

disability or a particular RFC. Rather, the residual functional capacity

circumscribes "the claimant's residual abilities or what the claimant can do, not

what maladies a claimant suffers from–though his maladies will certainly inform

18

the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). "A claimant's severe impairment may or may not affect his or her functional capacity to work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004). "The regulations recognized that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e). Thus, the mere existence of any condition from which plaintiff may have suffered does not necessarily establish any functional limitation or disability. Here, plaintiff seemingly argues that merely because he suffers from a certain impairment, he must be disabled. This is not so. And, significantly, plaintiff has failed to produce medical evidence or an opinion showing that he had greater limitations than the ALJ found. *See Maher v. Sec'y of Health & Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1987) (citing *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability.")). Accordingly, the Commissioner's decision is supported by substantial evidence.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: February 19, 2015            s/Michael Hluchaniuk
                                   Michael Hluchaniuk
                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 19, 2015, I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system, which will send electronic
notification to all counsel of record.

                                   s/Tammy Hallwood
                                   Case Manager
                                   (810) 341-7887
                                   tammy_hallwood@mied.uscourts.gov